UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID PITZER,

        Plaintiff,

v.

PAUL GROTH, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 04-74086

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION:

I recommend that the Motion of Defendant Oakland County Bar Association to Dismiss Plaintiff's Complaint be granted. I further recommend that plaintiff be ordered to appear and show cause why he should not be sanctioned for violation of Fed.R.Civ.P. 11(b).

### II.   REPORT:

#### A.   Procedural History

Plaintiff initiated this action by the filing of his Complaint on October 20, 2004. On November 9, 2004, he submitted an Amended Complaint. Defendant Oakland County Bar Association filed its Motion to Dismiss the Amended Complaint on December 14, 2004.[1] The motion was brought on for hearing on March 1, 2005.

---

[1] While plaintiff's Amended Complaint was received by the Clerk's Office on November 9, 2004, together with a Motion to Amend, the Amended Complaint was not provided to the magistrate judge until March 4, 2005. On April 6, 2005, I issued an Order Directing that the Amended Complaint be filed as part of the record of this case.

**B.     Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted. In assessing a Motion to Dismiss, the court "must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Allard v. Weitzman, (In Re: DeLorean Motor Company), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); see also, Conley v. Gibson, 355 U.S. 41 (1957). "A Complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Although the standard is liberal, it requires more than the bear assertion of legal conclusions. In Re: DeLorean Motor Company, 991 F.2d at 1240; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1998). The Complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable theory." Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) ). In the context of a civil rights action, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." Lillard, 76 F.3d at 726. A factual basis for the claim must be set forth in the pleadings. Id.

2

Dismissal of Complaints brought under civil rights statutes are scrutinized with special attention. Brooks v. State, 779 F.2d 1177, 1180 (6th Cir. 1985). A pro se plaintiff's Complaint will be held to a less stringent standard than one drafted by an attorney. Haynes v. Kurner, 404 U.S. 519, 520 (1972). Nonetheless, the court will not engage in a guessing game in order to determine the nature of the claims asserted by a pro se litigant. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). In addition, even valid constitutional or statutory claims must be asserted against persons or entities who may be properly held liable for the unlawful conduct alleged.

C.     **Factual History**

Plaintiff's Amended Complaint asserts claims against 22 individual defendants and the Oakland County Bar Association, all arising from their alleged involvement in one or more of several state court proceedings which were not resolved in a manner satisfactory to plaintiff. Defendant Oakland County Bar Association is mentioned only in Count 7 (consisting of paragraphs 45, 46 and 46 (sic)). Plaintiff alleges that Grace Hutchens, Court Reporter, in the 51st District Court of the State of Michigan, was "directed" to alter the court record of a proceeding involving Mr. Pitzer. The source of the directive is not identified, but the plaintiff alleges that Hutchens' actions constituted "a direct violation of 18 U.S.C. 1961(1)(B) section 1503 (relating to Obstruction of Justice). . .." Plaintiff's second paragraph 46 alleges that "this 'laundering' of criminal activity into legal activity through 'methods of commission' by a 'family', the Oakland County Bar Association, with one 'unified' purpose, to protect the career of a member of the 'family', Wixom City Attorney, Paul Groth, a 'made man', . . . [denied] plaintiff 'due process' [.]".

## D.     Analysis

The imprecision of plaintiff's allegations renders it difficult to comprehend whether or not he is actually attempting to assert a Racketeer Influenced and Corrupt Organizations (RICO) Act claim against the Oakland County Bar Association (hereinafter "OCBA" or "Association").[2] Because his original Complaint listed OCBA in the caption, and was served upon the Association, it will be assumed for purposes of this Report and Recommendation that a claim under 18 U.S.C. §§1961-1968 against OCBA was intended by Count 7 of the Amended Complaint.

To the extent that Count 7 attempts to assert a RICO claim against the OCBA, it must be dismissed. To establish a violation of the RICO statute, a plaintiff must show: 1) two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to plaintiff by reason of the above. Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993). To the extent that anything in plaintiff's Count 7 could be considered clear, plaintiff appears to assert that the Association is the "enterprise engaged in or affecting interstate or foreign commerce" which is essential to the statement of a prima facie case. Plaintiff argued at the hearing that OCBA's activities do affect interstate commerce. No fact alleged as to the other two persons named in Count 7 would support a reasonable inference that either constituted an "enterprise" engaged in interstate or

---

[2] Plaintiff's Amended Complaint (styled "Verified Complaint"), does not list all defendants in the caption. It simply reflects that the plaintiff's claims are asserted against "Paul Groth, et al.".

4

foreign commerce as required under the statute. No argument to that effect was advanced by plaintiff at the hearing.

It is clear in our circuit that the distinct entities that represent the "person" and the "enterprise" for purposes of a RICO claim must be described in the pleadings. Fleischhauer v. Feltner, 879 F.2d 1290, 1296-97 (6th Cir. 1989). Plaintiff's Amended Complaint fails to satisfy that requirement. To the extent that OCBA was intended as a RICO defendant, it would constitute both the "person" and the "enterprise" essential to the claim. The statute, however, requires separate legal entities as the "person" and the "enterprise." The language of 18 U.S.C. §1962(a) precludes the "person" conducting or participating in an enterprise's affairs from simultaneously serving as the "enterprise." Grider v. Texas Oil and Gas Corp., 868 F.2d 1147, 1150 n.2 (10th Cir. 1989). A single corporation cannot be named as the liable "person" and simultaneously fulfil the "enterprise" requirement. 18 U.S.C. §1962(c); Puckett v. Tennessee Eastman Company, 889 F.2d 1481, 1489 (6th Cir. 1989). Even if one of the individual defendants in Count 7 could be considered an "enterprise," the claim against OCBA must be dismissed. No interaction (i.e. nexus) between OCBA and Grace Hutchens is alleged. Thus, OCBA would not be liable even if her actions could be reasonably construed as a pattern of racketeering activity. The remaining individual defendant in Count 7, Paul Groth, is alleged to be a member of the defendant Association.

> Under the 'non-entity' or "distinctness" requirement, a corporation may not be liable under Section 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself.

5

Davis v. Mutual Life Insurance Company of New York, 6 F.3d 367 (6th Cir. 1993) (emphasis added) (citing United States v. Computer Sciences Corp., 689 F.2d 1181, 1190 (4th Cir. 1982), cert. denied, 459 U.S. 1105 (1983)).

In summary:

1. The OCBA cannot be both the "person" and "enterprise" essential to a claim under the RICO Act.

2. No other "enterprise engaged in or affecting interstate or foreign commerce" is identified in Count 7 of plaintiff's Amended Complaint.

3. Even if one or both of the remaining defendants named in Count 7 could constitute the requisite "enterprise," OCBA would not be liable under the RICO statute because: a) no nexus is alleged between OCBA and the allegedly improper conduct of Hutchins; and b) defendant Groth is alleged to be a member of OCBA, and is thus not distinct from it as required by the RICO Act. Accordingly, Count 7 of plaintiff's Amended Complaint fails to state a claim against OCBA upon which relief can be granted. The Association is not accused of wrongdoing in any other count of the Amended Complaint, and its Motion to Dismiss should be granted.

The Association raised a number of other cogent arguments in its motion. It correctly asserted that plaintiff must plead sufficient facts to establish the existence of a "pattern" of racketeering activity. Vemco, Inc. v. Camardella, 23 F.3d 129, 133 (6th Cir. 1994). A sufficient showing must establish "at least two predicate acts of racketeering activity within ten years of each other." Id. The RICO Act defines racketeering activity as any act chargeable under a listing of various state and federal criminal statutes. 18 U.S.C. §1961(1). In this case, plaintiff alleges in Count 7 the existence of a single predicate act

in the form of a violation of 18 U.S.C. §1503. OCBA correctly noted, however, that §1503 can be violated only in connection with proceedings pending before a court of the United States. All activities alleged in Count 7 of the Amended Complaint occurred in a state court of Michigan. See United States v. Biaggi, 853 F.2d 89, 104 (2nd Cir. 1988), cert. denied, 489 U.S. 1052 (1989). OCBA also correctly asserts that plaintiff has failed to establish a relationship between it and the single alleged act of racketeering. Both continuity and relationship must be present to constitute a "pattern." H.J. Inc. V. Northwestern Bell Tel. Co., 492 U.S. 229, 237-38 (1989). It is well settled that the acts of racketeering asserted must be ordered and arranged so as to exhibit "relatedness" and "continuity." Vemco, 23 F.3d at 133. The Amended Complaint asserts no relationship whatever between OCBA and the allegedly wrongful acts of Grace Hutchins. The only relationship between the Association and Paul Groth is his alleged membership in OCBA. As stated above, the Association and its members are not separate entities under the Act.

Plaintiff has not seen fit to file a Brief in Opposition to the Association's Motion to Dismiss. Nor did he present a convincing counter argument at the hearing on the motion. Accordingly, I conclude that each of OCBA's arguments is meritorious, and that the motion should be granted.

By presenting his Amended Complaint to the court, plaintiff was certifying that: 1) it was not presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation; and 2) that the claims wherein are warranted by existing law, or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. I find nothing in Count 7 of the Amended Complaint which could be viewed by any rational person as other than a

7

frivolous claim intended for purposes of harassment. Fed.R.Civ.P. 11(c)(1)(B) permits this court, on its own initiative, to direct a party to show cause why it has not violated the Rule, and why sanctions should not be imposed. I recommend that this court order plaintiff to appear and show cause, if any there be, why he should not be suitably sanctioned for the filing of a throughly frivolous and groundless claim against the OCBA.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/ Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 4/12/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID PITZER,

        Plaintiff,

v.

PAUL GROTH, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 04-74086

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE DONALD A. SCHEER

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 12th day of April, 2005.

    William David Pitzer
    Margaret T. Debler
    Michael H. Cutler
    Mary M. Mara
    David L. Kaigh
    Timothy L. Cronin
    Audrey J. Forbush
    Felepe H. Hall
    T. Joseph Seward
    James W. Low/Michael J. Sullivan

_Terri L. Hackman_
Terri L. Hackman, Secretary to
Magistrate Judge Donald A. Scheer