**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WILLIAM D. PITZER,**

      **Plaintiff,**

                                Case No. 04-74086

                                HONORABLE DENISE PAGE HOOD

**PAUL GROTH, et. al.,**

      **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER ACCEPTING**
**REPORT AND RECOMMENDATION AND DISMISSING**
**DEFENDANT OAKLAND COUNTY BAR ASSOCIATION**

**I.   INTRODUCTION**

Plaintiff William D. Pitzer brings this suit pursuant to 18 U.S.C. §§ 1962 and 1964.  In his Amended Complaint, Plaintiff alleges Defendants violated several federally secured constitutional rights by using the state legal system to commit acts of racketeering in violation of 18 U.S.C. §§ 1962 and 1964 for which Plaintiff seeks damages.

This matter is presently before the Court on Magistrate Judge Donald A. Scheer's Report and Recommendation, dated April 12, 2005.  In his report, Magistrate Judge Donald A. Scheer recommends Defendant Oakland County Bar Association ("OCBA")'s Motion to Dismiss be granted.  Plaintiff filed Objections on April 17, 2005.[1]

For the reasons set forth below, this Court adopts the Magistrate Judge's Report and grants

---

[1] Plaintiff's Objections to Magistrate Judge Donald A. Scheer's Report and Recommendation are styled Response to Report and Recommendation.

Defendant OCBA's Motion to Dismiss.

## II.     STATEMENT OF FACTS

Plaintiff's Amended Complaint, filed April 6, 2005 asserts claims against 32 defendants, including the OCBA. The claims asserted arose from one or more state proceedings where the conclusions were not satisfactory to the Plaintiff. Defendant OCBA is mentioned only in Count 7 of Plaintiff's Amended Complaint. First, Plaintiff alleges that Grace Hutchins, the Court Reporter in the 51st District Court of State of Michigan, was "directed" to change a document relating to Plaintiff's case. Plaintiff asserts that this was in violation of 18 U.S.C. § 1961(1)(B) section 1503 which denied Plaintiff "redress."

Second, Plaintiff alleges that "this 'laundering' of criminal activity into legal activity through 'methods of commission' by a 'family,' the Oakland County Bar Association, with one 'unified' purpose, to protect the career of a member of the 'family,' Wixom City Attorney, Paul Groth, a 'made man,' . . . den[ied] Plaintiff 'Due Process'." (Am. Comp. at 10.)

## III.    STANDARD OF REVIEW

### A.     Reports and Recommendations

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved his right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of

2

service of copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 472 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs*. 932 F.2d 505 (6th Circ. 1991); *United States v. Walters, 638 F.2d 947* (6th Cir. 1981).

### B.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit held in *Windsor v. The Tennessean*, 719 F. 2d 155 (6th Cir. 1983), that the standard of review "when evaluating a motion to dismiss brought pursuant to Rule 12(b)(6), [is to regard] the factual allegations in the complaint . . . as true." *Id*. at 158 (quoting *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp*., 382 U.S. 172 (1965)). The *Windsor* court went on to state, "[t]he claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The standard of review under Federal Rule of Civil Procedure 12(b)(6) is liberal. "'A complaint need not set down in detail all the particularities of a plaintiff's claim,' but must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F. 3d 1061, 1064 (6thCir. 1994). It is plain that, although liberal, the standard does require a plaintiff to plead more than bare legal conclusions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Allard v. Weizman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Allard*, 991 F.2d at 1240; *Mayer*, 998 F.2d at 638. Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Allard*, 991 F.2d at 1240; *Lawler v. Marshall* 898 F.2d 1196, 1199 (6th Cir. 1990).

## IV.    APPLICABLE LAW AND ANALYSIS

### A.    Report and Recommendation

The Court agrees with the Magistrate Judge's assessment of Plaintiff's claims. The Magistrate Judge found that the claim against Defendant OCBA should be dismissed because Plaintiff did not plead sufficient facts to establish a "pattern" of racketeering under the Racketeer Influenced and Corrupt Organizations Act (RICO). (Rep. and Rec. at 6.) The Magistrate Judge found that Count 7 of the Plaintiff's Amended Complaint failed to state a claim upon which relief could be granted.(Id.)

The Magistrate Judge further found that RICO can only be violated in connection with proceedings pending before a court of the United States. (Id. at 7.) The actions alleged in Plaintiff's Amended Complaint all occurred in state court. Additionally, Plaintiff failed to establish a continuous relationship that constitutes a pattern. The Amended Complaint failed to assert a relationship between the OCBA and the acts of Defendant Grace Hutchins. Plaintiff in his Amended Complaint alleged Defendant Paul Groth's membership in Defendant OCBA as the requisite relationship to assert a RICO claim. (Id. at 7.)   However, the Magistrate Judge found that the Association and its members are not separate entities under the RICO Act. The Court agrees with the Magistrate Judge's conclusion.

4

Finally, the Magistrate Judge addressed the issue of whether Plaintiff's arguments were meritous. (Id. at 7.) The Magistrate Judge recommended that the Plaintiff be ordered to show cause why he has not violated Fed.R.Civ.P. 11(c)(1)(B), and why he should not be sanctioned for filing a frivolous claim against Defendant OCBA. (Id. at 8.) This Court finds the Magistrate Judge's analysis proper.

### B.     Plaintiff's Objections

Consideration of Plaintiff's Objections does not alter the result reached by the Magistrate Judge and accepted by this Court above. First, Plaintiff objects to the Magistrate Judge's recommendation that sanctions to be imposed by the Court. (Pl.'s Obj. at 3.) However, despite Plaintiff's objections, it is clear that the Magistrate came to this conclusion based on the lack of facts supporting Plaintiff's claim against Defendant OCBA.

Second, Plaintiff objects to the Magistrate Judge's interpretation of 18 U.S.C. § 1503. (Pl.'s Obj. at 5.) However, it is clear that the Magistrate Judge's interpretation of the statute was correct. In *United States v. Baker,* 494 F.2d 1262 (6th 1974), the court interpreted the phrase "any court of the United States," in 18 U.S.C. § 1503 as relating to federal proceedings. Because the actions referenced in Plaintiff's Complaint occurred in state court and not federal court, the Court denies Plaintiff's Objections.

## V.     CONCLUSION

For the reasons stated above, the Court accepts and adopts the Magistrate's Report and Recommendation, and grants Defendant OCBA's Motion to Dismiss.

Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation **[Docket No. 80]**, dated April 12, 2005, is ACCEPTED and ADOPTED by this Court as its findings and conclusions

5

of law.

    IT IS FURTHER ORDERED that Defendant Oakland County Bar Association Motion to Dismiss **[Docket No. 34, filed December 13, 2004]** is GRANTED.

    IT IS FURTHER ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation **[Docket No. 84, filed April 22, 2005]** are DENIED.

    IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice with respect to Defendant OCBA only.

      /s/ Denise Page Hood  
    DENISE PAGE HOOD  
    United States District Judge

DATED:  July 29, 2005