UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM D. PITZER,**

       **Plaintiff,**

                                         Case No. 04-74086

v.

                                         HONORABLE DENISE PAGE HOOD

**PAUL GROTH, et. al.,**

       **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER DISMISSING COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.      INTRODUCTION**

     In his Amended Complaint dated April 6, 2005, Plaintiff William D. Pitzer alleges Defendants violated several federally secured constitutional rights by using the state legal system to commit acts of racketeering in violation of 18 U.S.C. §§ 1962 and 1964 for which Plaintiff seeks damages. Although Plaintiff's Amended Complaint was filed with the Clerk's office on April 6, 2005, Plaintiff had mailed a copy along with his Motion to Amend to the Clerk on November 9, 2004. In an Order also dated April 6, 2005, Magistrate Judge Donald A. Scheer noted Plaintiff's Amended Complaint was submitted during the time in which Plaintiff's right to file an amended pleading "as a matter of course" pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Court is therefore addressing Plaintiff's April 6, 2005 Amended Complaint in this Order.

     This matter is before the Court on numerous motions filed by Plaintiff and Defendants. Several of the Defendants have either filed or joined in separate Motions to Dismiss under Fed. R.

Civ. P. 12(b)(6).[1]  Defendants argue that the Court lacks subject matter jurisdiction and Plaintiff failed to state a claim upon which relief can be granted.  Some Defendants also allege that they are entitled to judicial and/or qualified immunity.

For the reasons set forth below, this Court grants Defendants' Motions to Dismiss and dismisses Plaintiff's Complaint against all Defendants not previously dismissed.

## II.    STATEMENT OF FACTS

Plaintiff's Amended Complaint, filed April 6, 2005, asserts claims against 32 Defendants. Plaintiff's suit is based on two state court proceedings where Plaintiff was charged with assault and battery and operating under the influence of intoxicating liquor.  (Am. Compl. at 4, 8.)  In both cases, the results were not favorable to Plaintiff.  Plaintiff did not appeal these decisions, choosing instead to bring this action against Defendants.

Plaintiff's Amended Complaint alleges violations of a number of constitutional rights, those ensured by the 1st, 4th, 6th, and 14th Amendments.  Plaintiff further alleges Defendants violated 18 U.S.C. § 1962 (c), (d) and 18 U.S.C. § 1964(c).  Plaintiff specifically alleges that a number of Defendants conspired to intentionally fabricate evidence in state court to deprive him of his

---

[1] Currently pending before the Court are the following Motions for Dismissal or Summary Judgment: Defendants Michigan Department of Mental Health's, Sue Nearing's, Margaret C. Taylor's and Charles Hollen's Motion to Dismiss, filed April 15, 2005; Defendants Oakland County's, Patrick Coleman's, John J. McDonald's, Robert Bondy's and Collen O'Brian's Motion to Dismiss, filed April 26, 2005; Defendants Gary Berg's, Wanda VanderMeer's, Grace Hutchins', Daniel Bates', Brian Illingworth's and C. Shulke's Motion to Dismiss, filed April 28, 2005; Defendants Kimberly Smalls' and Sheryl Ploch's Motion to Dismiss, filed May 23, 2005; and Defendants Paul Groth's, Gary Hamlin's, and James Osborne's Motion for Summary Judgment and/or Dismissal, filed June 2, 2005.
    Defendants Randall Lewis, Loren Dickstein, David Kaigh, and Brigid Cronin have filed Notices of Joinder in one or more of the Motions listed above.  Defendants Robert Fines, Suresh Balchandani, Brian Ottenbacher, Corey Tong, Joseph Smalley, Caroline Abolade, and a John Doe have not filed any Motions or Notices of Joinder.

constitutional rights.

Count I of Plaintiff's Amended Complaint alleges that Paul Groth, a City of Wixom attorney, intentionally fabricated evidence to secure a conviction in an assault case against Plaintiff. (Am. Compl. at 2.) Count II alleges that these acts by Paul Groth violated 42 U.S.C. § 1983 by depriving Plaintiff of his constitutional rights under "color of law."

Plaintiff alleges in Count III that his attorneys, Randall Lewis and Loren Dickstien, conspired to interfere with his civil rights by violating 42 U.S.C. § 1985. Count IV alleges that Judge Robert Bondy of the Michigan District Court, Judge John McDonald of the Circuit Court of Oakland County, and court reporter Patricia Coleman conspired by "suppress[ing] evidence" and "obstruct[ing] justice" in violation of 18 U.S.C. 1962(c) and (d). (Am. Compl. at 6-7.)

Count V alleges that Gary Berg, a Waterford Assistant City Attorney, and Daniel Bates, a Waterford Public Defender, "entered into an agreement to deprive Plaintiff of his [c]onstitutional [r]ights 'under color of law' therefore violating 42 U.S.C. § 1985." (Am. Compl. at 7-8.) Specifically, Plaintiff alleges that Bates, who was appointed to defend Plaintiff on a driving while intoxicated charge, failed to inform Plaintiff of the change in the date of the court hearing. (Id.) Because of this action by Bates, Plaintiff alleges that a warrant was issued for Plaintiff's arrest based on his failure to appear at the court hearing. (Id. at 9.) Plaintiff was later arrested. (Id.)

Plaintiff alleges in Count VI that these actions deprived him of his constitutional rights of freedom of speech and due process under "color of law," in violation of 42 U.S.C. § 1983. Plaintiff does not specifically name any Defendants in Count VI. Additionally, Plaintiff alleges in Count VII that the actions of court reporter Grace Hutchins, the Oakland County Bar Association, and Paul Groth also violated 18 U.S.C. § 1962(c) and (d) by denying Plaintiff due process. (Id. at 10.)

Count VIII of Plaintiff's Amended Complaint alleges that Prosecuting Attorney Brigid Cronin, "devised a plan to interfere with Plaintiffs [sic] attempts to exercise his Constitutionally protected right to pursue his appeal from the conviction" of driving while intoxicated. (Id. at 11.) In Count IX, Plaintiff asserts that these actions by Attorney Brigid Cronin, Randall Lewis, Paul Groth, Judge Kimberly Smalls, court reporter Sheryl Ploch, Loren Dickstien, and David Kaigh, interfered with his civil rights, in violation of 42 U.S.C. § 1985. Plaintiff further alleges in Count X that these actions by the same individuals violated 18 U.S.C. 1962(c) and (d). (Id. at 14.)

Plaintiff requests relief in the form of compensatory damages in the amount of $135,000, plus punitive and treble damages. Plaintiff also requests declaratory relief in the form "[t]hat in each case that Randall Lewis and Loren Dickstien represented the Plaintiff the verdict be overturned by virtue of the 6th Amendment 'Right to Counsel'." (Am. Compl. at.16.) Finally, Plaintiff requests that all the competency evaluation records be destroyed from both Saline and Caro Center and that there be an investigation of Paul Groth and the Department of Justice. (Id.)

### III.   STANDARD OF REVIEW

#### A.   Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit held in *Windsor v. The Tennessean*, 719 F.2d 155 (6th Cir. 1983), that the standard of review "when evaluating a motion to dismiss brought pursuant to Rule 12(b)(6), [is to regard] the factual allegations in the complaint . . . as true." *Id*. at 158 (quoting *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172 (1965)). The *Windsor* court went on to state, "[t]he claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The standard of review under Federal Rule of Civil Procedure 12(b)(6) is liberal. "'A complaint need not set down in detail all the particularities of a plaintiff's claim,' but must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F. 3d 1061, 1064 (6th Cir. 1994). It is plain that, although liberal, the standard does require a plaintiff to plead more than bare legal conclusions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Allard v. Weizman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Allard*, 991 F.2d at 1240; *Mayer*, 998 F.2d at 638. Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Allard*, 991 F.2d at 1240; *Lawler v. Marshall* 898 F.2d 1196, 1199 (6th Cir. 1990).

**IV.    APPLICABLE LAW AND ANALYSIS**

    **A.    Civility Principles**

At the outset, the Court notes that Plaintiff's filings contain numerous *ad hominem* attacks on the competence, integrity, and impartiality of both the undersigned and Magistrate Judge Donald

5

A. Scheer. Plaintiff's submissions violate this Court's Civility Principles, by which all counsel admitted to practice in this Court affirm to abide. *See* Civility Principles for the U.S. Dist. Ct. for the E. Dist. of Mich., Counsel's Duties to the Court, ¶ 1 ("We will speak and write civilly and respectfully in all communications with the Court.") Though Plaintiff brings the instant matter *pro se*, the Civility Principles provide a guide to all filings. The Court instructs Plaintiff to bear these principles in mind when drafting future documents to be presented to the Court, if any.[2]

### B.     *Rooker-Feldman* Doctrine

Plaintiff's Amended Complaint asks the Court to review a state court judgment. The *Rooker-Feldman* doctrine, which precludes the exercise of federal jurisdiction over state court judgments, applies. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-416 (1923). The *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of issues "inextricable intertwined" with state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. A federal claim will be "inextricably intertwined" with a state court action if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Anderson v. The Charter Township of Ypsilanti*, 71 F. Supp 2d. 730, 734 (E.D. Mich.1999) (quoting *Keene Corp v. Cass,* 908 F.2d 293, 296-297 (8th Cir. 1990). Review

---

[2] Attached to this Order is the most recent version of this Court's Civility Principles. The principles are also available online at
<http://www.mied.uscourts.gov/_localrules/StandingOrders/Civility_Plan.pdf> (visited July 25, 2005).
       Failure to comply with these rules in any future pleadings may result in the offensive document being stricken.

of final determinations in state proceedings can only be obtained in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476.

In the present case, Plaintiff's suit is based on one or several state proceedings where the conclusions were not satisfactory to Plaintiff. Plaintiff filed this suit alleging violations of a number of Amendments of the U.S. Constitution and 42 U.S.C. §§ 1983 and 1985. (See Pl's. Am. Compl., 1.) However, when read in full, Plaintiff's Amended Complaint reflects dissatisfaction with the state court's judgment. The present suit is essentially an attempt by Plaintiff to obtain federal review of that judgment. Based on the *Rooker-Feldman* doctrine, the Court declines to exercise subject matter jurisdiction over the case. Because the Court declines jurisdiction, there is no need to make a determination on the other arguments raised by Defendants.

### C.    Service of Summons and Complaint

Four Defendants, Dr. Caroline Abolade, Corey Tong, Joseph Smalley, and a John Doe, have yet to be served with either Plaintiff's Complaint or Amended Complaint. Cognizant of this fact, Plaintiff filed a Motion to extend the time for service, pursuant to Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) provides, in pertinent part:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be affected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service . . . .

Plaintiff asserts he has good cause for the delay in serving the remaining four Defendants with his Amended Complaint because he was awaiting the Order of the Magistrate Judge allowing Plaintiff to amend his Complaint. Regardless of whether this constitutes "good cause" within the meaning of Rule 4(m), this Court denies Plaintiff's Motion to extend the period of service as moot on the

7

grounds that such an extension would be futile. As discussed at length above, the Court declines to assert subject matter jurisdiction over Plaintiff's Amended Complaint. Lack of subject matter jurisdiction "may be raised at any time, by any party, or even *sua sponte* by the court itself." *See, e.g., In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) (citing *Cmty. Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir. 2003)). The Court need not wait for all Defendants in this matter to be served to dismiss the Amended Complaint in its entirety.

### D.     Further Actions

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further action against a defendant or group of defendants without first obtaining leave of the Court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers*, 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id*. The traditional test applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See, e.g., Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attach prior unsuccessful suits. *Filipas*, 835 F.2d at 1146. On the basis of the foregoing, the Court orders Plaintiff to seek leave from this Court prior to filing any new action relating to the same underlying facts.

### V.     CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's Complaint.

Accordingly,

IT IS ORDERED that Defendants Michigan Department of Mental Health's, Sue Nearing's, Margaret C. Taylor's and Charles Hollen's Motion to Dismiss **[Docket No. 81, filed April 15, 2005]**; Defendants Oakland County's, Patrick Coleman's, John J. McDonald's, Robert Bondy's and Collen O'Brian's Motion to Dismiss **[Docket 87, filed April 26, 2005]**; Defendants Gary Berg's, Wanda VanderMeer's, Grace Hutchins', Daniel Bates'**,** Brian Illingworth's and C. Shulke's Motion to Dismiss **[Docket No. 90, filed April 28, 2005]**; Defendants Kimberly Smalls' and Sheryl Ploch's Motion to Dismiss **[Docket No. 99, filed May 23, 2005]**; and Defendants Paul Groth's, Gary Hamlin's, and James Osborne's Motion for Summary Judgment and/or Dismissal **[Docket No. 110, filed June 2, 2005]** are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Amend Complaint **[Docket No. 63, filed April 6, 2005; Docket No. 97, filed May 20, 2005]**; Motion to Extend Period of Service of Amended Complaint Under FRCvP 4(m) **[Docket No. 85, filed April 22, 2005]**; Objection to the Magistrate's March 1, 2005 Order **[Docket No. 51, filed March 4, 2005]**; Motion for Evidentiary Hearing **[Docket No. 113, filed June 23, 2005]**; Motion for Sanctions Under FRCP 11 **[Docket No. 118, filed July 8, 2005]**; Motion for More Definite Statement **[Docket No. 120, filed July 12, 2005]**; and Motion/Request for More Definite Statement, or, in the alternative, Motion for Sanction **[Docket No. 126, filed July 19, 2005]** are DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Disqualify Judge **[Docket No. 103, filed May 24, 2005]** is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

9

IT IS FURTHER ORDERED that Plaintiff must seek leave of this Court to file any new actions relating to the same underlying facts.


     /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   July 29, 2005